IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>PENNSYLVANIA HIGHER )<br>EDUCATION ASSISTANCE )<br>AGENCY, d/b/a FEDLOAN )<br>SERVICING, )<br>)<br>Defendant. ) | Case No. CIV-21-1203-F |

## ORDER

Defendant Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing has moved to dismiss plaintiff Vance Dotson's claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, for lack of standing pursuant to Rule 12(b)(1), Fed. R. Civ. P., and for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P. *See*, doc. no. 16. Plaintiff has responded, opposing dismissal. *See*, doc. no. 17. Defendant has replied. *See*, doc. no. 18. Although authorized to file a sur-reply, *see*, doc. no. 19, plaintiff has failed to file of record his sur-reply within the time ordered by the court. Upon review of the motion, response and reply, the court agrees plaintiff lacks standing to bring his claims. Therefore, defendant's motion, to the extent it seeks dismissal for lack of standing pursuant to Rule 12(b)(1), will be granted.

I.

Plaintiff has filed an amended complaint against defendant seeking damages for alleged violations of the FCRA, specifically, 15 U.S.C. § 1681s-2(b)(1)(A), (B), (C), (D) and (E). The alleged FCRA violations were purportedly committed by

defendant relating to a nonparty, Dawnyale Shaw.  According to plaintiff, Ms. Shaw has assigned 100 percent of her interest in the FCRA claims to him.

II.

"[A] valid assignment confers standing" upon the assignee of a claim "'to assert the injury in fact suffered by the assignor.'"  *See*, US Fax Law Center, Inc. v. iHire, Inc., 476 F.3d 1112, 1120 (10th Cir. 2007) (quoting Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 773 (2000), and citing Texas Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co., 105 F.3d 210, 216 (5th Cir. 1997)).  However, "an invalid assignment defeats standing if the assignee has suffered no injury in fact himself."  *Id*. (citing Texas Life, 105 F.3d at 216)).  In the amended complaint, plaintiff alleges no injury in fact to himself caused by alleged violations of defendant.  Rather, he alleges that Ms. Shaw suffered an injury in fact due to defendant's acts or omissions.  Consequently, the court must determine whether the assignment by Ms. Shaw of her interest in the FCRA claims constitutes a valid assignment.

The FCRA does not address the assignability of claims.  "In resolving a federal claim, questions may arise that cannot be answered by statutory interpretation.  The court then must either adopt a federal common-law rule of decision or incorporate state law."  Ellis v. Liberty Life Assurance Company of Boston, 958 F.3d 1271, 1281 (10th Cir. 2020), *cert. denied*, 141 S.Ct. 2567 (2021).  Because there does not appear to be a federal policy or interest which demands the creation of a uniform federal rule governing assignability of FCRA claims and there is no indication the adoption of state law would frustrate any federal objective, the court concludes it is appropriate to adopt state law with respect to the issue.  *See*, *e.g.*, Ellis, 958 F.3d at 1281-1283; *see also*, US Fax Law Center, Inc., 476 F.3d at 1118-1119 and n. 5.

Because the court's jurisdiction is rooted in a federal question,[1] the court applies federal common law choice-of-law principles to determine which state law to apply.  See, Ellis, 958 F.3d at 1283 ("The general rule is that federal choice-of-law principles are used in resolving federal causes of action.").  Federal common law follows the approach outlined in the Restatement (Second) of Conflicts of Laws (Restatement).  See, In re Kimbell, 561 B.R. 861, 865 (W.D. Okla. 2016); see also, Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1202-03 (10th Cir. 1990) (applying section 142 of the Restatement (Second) of Conflicts of Laws as means of determining which state's statute of limitations applies when the federal statute did not specify the appropriate limitation.).  Section 188 of the Restatement provides: "[t]he rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties . . . ."  Section 188 of the Restatement further provides that courts employing the most significant relationship test should take into account: "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location of the subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties."  Taking these factors into consideration, the court concludes that Oklahoma—the place of the assignment, its performance, and where plaintiff resides—has the most significant relationship to the issue of whether the assignment to plaintiff was valid.

Under Oklahoma law, specifically, 12 O.S. 2021 § 2017(D), "[t]he assignment of claims not arising out of contract is prohibited."  Section 2017(D) essentially embodies the common law rule that actions arising in tort are not

---

[1] Indeed, the amended complaint relies solely upon 28 U.S.C. § 1331 as the basis for the court's subject matter jurisdiction.

assignable.  *See*, Trinity Mortgage Cos., Inc. v. Dryer, 451 Fed. Appx. 776, 778 (10th Cir. 2011) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)).  Here, the FCRA claims at issue, namely, defendant negligently and willfully (1) "failed to conduct a proper re-investigation after [] contacted by consumer reporting agencies about Ms. Shaw's disputes;" (2) "failed to consider all relevant information forwarded to [it] by the consumer reporting agencies to correct and delete the disputed information;" (3) "failed to report the accurate re-investigation results of the disputed information to the consumer reporting agencies;" (4) "fail[ed] to report the accurate re-investigation results [to] the other consumer reporting agencies;" and (5) "fail[ed] to have a procedure to modify the information in [defendant's] system and correct or delete false information that it previously, improperly furnished to consumer reporting agencies"[2] are akin to common law tort claims.  *See, e.g.*, Lupia v. Medicredit, Inc., 8 F.4th 1184, 1191 (10th Cir. 2021) (discussing the similarities between FDCPA claims and certain torts).  Therefore, the court concludes that Ms. Shaw's assignment of the FCRA claims to plaintiff was prohibited by Oklahoma law, and thus, invalid.  Because Ms. Shaw's assignment was invalid, plaintiff lacks standing to pursue the FCRA claims.  US Fax Law Center, Inc., 476 F.3d at 1120.

In his response, plaintiff posits that he has standing to bring suit, citing Sprint Communications Co., L.P., v. APCC Services, Inc., 554 U.S. 269 (2008).  In that case, the Court held that "an assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor." *Id*. at 271.  However, the validity of the assignments was not an issue before the Supreme Court.  Instead, the Court addressed standing only with respect to a validly assigned claim.  Here, the court has

---

[2] Doc. no. 15, ¶¶ 28, 35, 42, 49 and 55.

found the assignment to be invalid.  Consequently, the Supreme Court's ruling does not support plaintiff's standing in this case.

### III.

As the court is dismissing the action for lack of standing and standing is a jurisdictional mandate, the court concludes that the dismissal should be without prejudice.  *See*, Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216, 1219 (10th Cir. 2006).

### IV.

Accordingly, Defendant FedLoan's Motion to Dismiss (doc. no. 16) is **GRANTED**.  Plaintiff Vance Dotson's amended complaint and action against defendant Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing is **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of standing.  A separate judgment shall issue.

IT IS SO ORDERED this 23rd day of May, 2022.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-1203p004 (rev).docx